IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TYRELL ANDERSON | : | |
| Petitioner | : | |
| v. | : | Civil Action No. AMD-06-678 |
| SECRETARY, DEPARTMENT OF PUBLIC SAFETY | : | |
| | : | |
| Respondent | | |

...o0o...

MEMORANDUM

Petitioner Anderson filed a petition for writ of habeas corpus on March 13, 2006. This court issued an order to show cause on March 21, 2006. Paper No. 2. Respondent filed an answer asserting the petition should be dismissed because the claim raised has not been exhausted, the petition is untimely, and the petition fails to raise a cognizable federal claim. Paper No. 10. Petitioner was provided with an opportunity file a reply to the answer and did so on July 24, 2006. Paper No. 13. A hearing in this matter is unnecessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6; *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner is not necessarily entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the petition for writ of habeas corpus will be dismissed without prejudice for failure to exhaust state remedies.

Background

Petitioner claims that Division of Correction officials are not honoring the decision of the Court of Special Appeals vacating his 15 year sentence for possession with intent to distribute narcotics. Paper No. 1. Petitioner was sentenced by the Circuit Court for Baltimore City on January 17, 2002, for two counts of possession with intent to distribute cocaine. Paper No. 10 at Ex. 1 and

1A. Under Count 1 (possession of cocaine with intent to distribute) petitioner was sentenced to serve 15 years, 10 years without parole, commencing March 23, 2001. *Id*. Under Count 3 (possession of more than fifty grams of crack cocaine with intent to distribute) petitioner was sentenced to serve 15 years, 5 without parole, concurrently with Count 1. *Id*. The term of confinement petitioner is currently serving expires on March 23, 2016.[1] *See* Md. Code Ann., Corr. Servs. § 3-701(a)(2) (1999). In a decision dated May 21, 2003, the Court of Special Appeals vacated the sentence as to Count 1 because the conviction on the count merged into Count 3 as a lesser included offense. Paper No. 12 at Ex. 2, p. 3. In all other respects, the judgment was affirmed. *Id*. at p. 10. The case was remanded to the Circuit Court for Baltimore City and on October 9, 2003, the court modified petitioner's sentence to reflect that the sentence on Count 1 was vacated. Paper No. 10 at Ex. 3. The sentence imposed under Count 3 remained intact; thus, the term of confinement petitioner is required to serve was not changed by the Court of Special Appeals.

Standard of Review

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts with jurisdiction to consider them. *See* 28 U.S.C. §2254(b) and (c); *see also Preiser v. Rodriguez,* 411 U.S. 475, 491 (1973). If there is an available state remedy which petitioner has failed to utilize, the claim is unexhausted; if petitioner is procedurally barred from availing himself of the state remedy, the claim is procedurally defaulted. *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).

---

[1] Petitioner was also sentenced by the Circuit Court for Baltimore County on January 18, 2002, for violation of probation in two cases. Paper No. 10 at Ex. 4 and 5. Both sentences were made concurrent with his 15 year term of confinement and have no effect on the expiration date. In addition, petitioner was sentenced by the Circuit Court for Baltimore City on March 18, 2002, for violation of probation, and that sentence, too, was made concurrent with any other outstanding or unserved sentence and had no effect on the expiration date of his term of confinement. Paper No. 10 at Ex. 6.

Analysis

To the extent that petitioner is asserting that the Division of Correction is improperly interpreting the term of confinement he is required to serve and he is entitled to immediate release, he must raise the claim in a state court via habeas corpus petition. In the event petitioner's assertions, taken as true, would not cause his immediate release from prison, he must instead file a claim with the Inmate Grievance Office prior to obtaining state judicial review. *See* Md. Ann. Code, Corr. Serv. § 10-201 (a); *see also Wilson v. Simms*, 157 Md.App. 82, 92, 849 A.2d 88, 94 (2004) (administrative exhaustion is not required where colorable claim that sentence has been served and entitlement to immediate release is raised). There is no evidence here that petitioner has filed a claim with the IGO or a petition for writ of habeas corpus, raising his claim that the Division of Correction is improperly interpreting his term of confinement.[2] *See* Paper No. 13. Accordingly, the claim has not been properly exhausted and the petition for writ of habeas corpus must be dismissed. An order follows.

Filed: October 2, 2006   \_\_/s/_____
  Andre M. Davis
  United States District Judge

---

[2] To the extent that petitioner claims that the Division of Correction is incorrectly applying diminution of confinement credits to his term of incarceration, it does not state a federal habeas claim. *See Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978).